

Ius Laboris USA Global HR Lawyers
FordHarrison

750 Main Street | Suite 606
Hartford, Connecticut 06103
Tel 860-748-4660 | Fax 860-241-1547

ROBIN B. KALLOR
860-748-4653
Rkallor@fordharrison.com

July 27, 2016

**VIA ECF**

Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   Munoz et al. v. Sestwon Pizza LLC et al.
      No. 2:15-cv-06833-JFB-AKT

Dear Magistrate Judge Tomlinson:

      This office is legal counsel to the Defendants in connection with the above-referenced matter.  In anticipation of the Status Conference scheduled for July 28, 2016, and pursuant to Your Honor's order dated July 7, 2016, the Defendants submitted a bullet-point list of the outstanding discovery disputes in this matter.  (Doc. 46).  As explained in our July 26, 2016 letter, the Defendants attempted to submit a joint letter, but were unable to do so within Your Honor's deadline due to Plaintiff's counsel's unavailability.

      Specifically, while Defendants proposed such letter shortly after 10:00 am yesterday morning with a request that they provide its proposed changes by 2:00 pm, Plaintiffs did not respond with their changes until after 5:00 pm, despite multiple follow up attempts on Defendants' part.  When Plaintiffs did respond, it provided a several page legal analysis of their position, which we do not believe was contemplated by the Order.  When Defendants explained that it would need to review the letter because it appeared that Defendants' position was being misstated and would do so later in the evening, Plaintiffs e-mailed that they would discuss the next day.  When Defendants e-mailed two minutes later reminding Plaintiffs that the letter was due that same day, Defendants also expressed its willingness to work into the evening to discuss the letter in greater detail.  Plaintiffs never responded and did not respond to two other e-mails and a call to Plaintiffs' counsel's office. Therefore, Defendants felt compelled to file the bullet point list on behalf of themselves.

      On this date, Plaintiffs' counsel submitted a letter further explaining the discovery disputes and providing four pages of legal support for their position.  (Doc. 47).  Because Your Honor's order simply requested a bullet-point list of the discovery disputes, Defendants did not provide significant detail or any legal support for their positions.  However, in light of Plaintiffs' four-page letter, Defendants respectfully feel it is necessary submit this letter in order to clarify any mischaracterizations of their position by the Plaintiffs and to provide the case law that supports their position.

**Disputes re: Plaintiffs' Objections to Defendants' Written Discovery Requests directed to Plaintiffs**

- Defendants' Interrogatory No. 2 seeks information regarding whether Plaintiffs have been a party to any other lawsuits.  Plaintiffs have objected and refused to answer this Interrogatory, stating that "Plaintiff objects to this demand to the extent that it is overly broad, vague, palpably improper and unduly burdensome and not reasonably calculated to obtain discoverable information."

  Defendants maintain that Plaintiff's response is improper for a number of reasons.  First, the garden variety objection is improper because Plaintiff has not explained how the interrogatory is overly broad, vague, improper or unduly burdensome.  *Convergent Bus. Sys., Inc. v. Diamond Reporting, Inc.*, No. CV-88-2329 (ILG), 1989 WL 92038, at *2 (E.D.N.Y. Aug. 3, 1989) ("In objecting to the use of interrogatories by an opposing party, it is never enough to simply complain that the interrogatories are unduly burdensome or oppressive. The party must show specifically in what manner each question is overly broad or burdensome." (internal citations omitted)).  Second, the interrogatory is reasonably calculated to lead to the discovery of admissible evidence.  Defendants are entitled to discover whether Plaintiffs have made similar claims in the past, whether they have already recovered for the wages they claim to be owed, and what representations Plaintiffs have made in connection with these other lawsuits about their wages and employment with Sestwon Pizza, LLC.  The information sought is clearly related to the instant case and is related to Plaintiffs' credibility; therefore, it should be disclosed.  *See Hickey v. Myers*, No. 09-CV-01307 MAD/DEP, 2013 WL 2418252, at *4 (N.D.N.Y. June 3, 2013) ("Prior lawsuits have been found admissible at trial, however, if they are offered for purposes other than to prove a party's litigiousness.").  Therefore, the Defendants respectfully request that the Court direct the Plaintiffs to withdraw their objections and answer Interrogatory No. 2.

- Defendants' Request for Production No. 4 seeks documents relating to Plaintiffs' income and sources of income, including tax records, from January 1, 2010 to the present.  Defendants' Request No. 31 seeks tax records from 2012 to the present.  Plaintiffs object to producing any tax information on the grounds that the requests are overly broad, vague, palpably improper, and unduly burdensome. In response to these objections, Defendants are willing to limit their request to the time period of one year prior to the date each plaintiff commenced employment at Sestwon Pizza, LLC to the present.  Plaintiffs contend that courts are reluctant to compel disclosure of tax records because of the private nature of the sensitive information contained in tax records and because of the public interest in encouraging the filing of complete and accurate returns.

  Defendants agree.  "In determining whether to compel discovery of tax returns, the court applies a two prong test: '(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'"  *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (internal citations omitted).  Here, Defendants do not seek the Plaintiffs' social security information or other "private"

July 27, 2016

information.  Defendants agree this information can be redacted prior to disclosure.  However, information regarding Plaintiffs' income and source of income, which is discoverable through Plaintiffs' tax returns, is reasonably calculated to lead to the discovery of admissible evidence because the documents will show the amount of tips and wages reported to the IRS, and tipped wages are directly at issue in this matter.  The case relied upon by Plaintiffs, *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 7 (S.D.N.Y. 2015), did not involve tipped wages. Furthermore, the documents requested are relevant as to credibility, and cannot be obtained from another source.  Therefore, the Defendants respectfully request that the Court direct the Plaintiffs to withdraw their objections and provide responsive documents.

**Disputes re: Defendants' Objections to Plaintiffs' Written Discovery Requests directed to Defendants**

- In connection with Plaintiffs' Interrogatories Nos. 6 and 8, Defendants have provided Plaintiffs with a list of the names of the supervisors, general managers, assistant managers and shift runners at Sestwon Pizza, LLC during Plaintiffs' time of employment.  What remains in dispute, however, is Plaintiffs' request for the last known address of these individuals.  Plaintiffs did not request the addresses at issue in Interrogatory No. 6 or 8.  Rather, during the parties' conference to discuss outstanding discovery issues in good faith, Plaintiffs' counsel requested the addresses.

   Defendants object to providing the last known addresses of any of the supervisors, general managers, assistant managers and shift runners that are no longer employed by Sestwon Pizza, LLC because Plaintiffs' counsel has indicated that he may have ex parte communications with these individuals.  However, ex-parte communications are not permitted with these former employees.  *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 119, 124–25 (S.D.N.Y. 1999) ("A corporate employee is a party within the meaning of DR 7–104(A)(1) if, for example, "(1) he/she had high-level managerial responsibility and was capable of binding the corporation; or (2) his/her acts or omissions may be imputed to the corporation for the purposes of civil or criminal liability; or (3) his/her statements may constitute an admission by the [the corporation]." (internal citations omitted)); *accord Miano v. AC & R Advert., Inc.*, 148 F.R.D. 68, 76–77 (S.D.N.Y.), *as amended* (Mar. 4, 1993), *adopted*, 834 F. Supp. 632 (S.D.N.Y. 1993); *see also Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 CIV. 5560 RMB HBP, 2006 WL 1520227, at *5 (S.D.N.Y. June 1, 2006), *on reconsideration in part*, No. 03CIV5560(RMB)(HBP), 2008 WL 4200601 (S.D.N.Y. Sept. 12, 2008) (utilizing special procedures in connection with discovery "to guard against the risk of inadvertent disclosure of privileged information by the former employee"); *Katt v. New York City Police Dep't*, No. 95 CIV. 8283 (LMM), 1997 WL 394593, at *5 (S.D.N.Y. July 14, 1997) (same).

   The employees at issue in this dispute are not low-level employees, they have managerial responsibilities whose decisions could bind Sestwon Pizza, LLC.  Therefore, Defendants object to the disclosure of their last known addresses.

July 27, 2016

    The parties also continue to confer in good faith regarding other objections to each other's written discovery and have resolved the majority of their disputes. With respect to the items listed above, the parties cannot agree upon a course of action which should resolve the issues without the Court's intervention.

    We appreciate the Court's time and attention to this matter.

                                       Respectfully submitted,

                                       *Robin B. Kallor*
                                     ROBIN B. KALLOR

RBK/cmc

cc:    Attorney Roman Avshalumov

WSACTIVELLP:8638393.1