UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

| | | |
|---|---|---|
| ISAC MUNOZ, RUMALDO | : | |
| ANTONIO SANCHEZ-VARGAS, | : | |
| JUAN GONZALEZ, JORGE ISAAC | : | |
| PARRA ROMERO, EMILIO A. | : | |
| NUNEZ-BERNAID, and | : | |
| KELER VARGAS, individually | : | |
| and on behalf of all others | : | |
| similarly situated. | : | |
|       Plaintiffs. | : | Civil Action No. |
| | : | 2:15-CV-06833 (JFB) (AKT) |
|   -vs- | : | |
| | : | |
| SESTWON PIZZA LLC d/b/a | : | |
| DOMINO'S PIZZA, and ROBERT | : | |
| COOKSTON, an individual | : | |
| | : | **DEFENDANTS' MEMORANDUM** |
| | : | **OF LAW IN OPPOSITION TO** |
|      Defendants. | : | **PLAINTIFFS' MOTION TO** |
| | : | **CONDITIONALLY CERTIFY AS A** |
| | : | **COLLECTIVE ACTION** |

-----------------------------------------------------x

Robin B. Kallor (Rk 6719)
Cindy M. Cieslak (Cc 0234)
FordHarrison, LLP
750 Main Street, Suite 606
Hartford, CT 06103
(860) 748-4660

Eric Su (Es 0626)
Alyssa M. Smilowitz (As 0822)
FordHarrison, LLP
100 Park Ave., Suite 2500
New York, NY  10017
(212) 453-5900

Attorneys for Defendants: *Sestwon Pizza LLC d/b/a/ Domino's Pizza, and Robert Cookston*

## TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES**………………………………………………………………...ii

**I.    PRELIMINARY STATEMENT**………………………………………………..1

**II.    PLAINTIFF'S ALLEGATIONS**……………………........................................2

**III.    ARGUMENT**……………………………………………………………………4

   A. Legal Standard for Conditional Certification...............................................4

   B. Plaintiffs' Conclusory Allegations and Declarations Cannot Support
   Conditional Certification……………………………………………………6

   C. Plaintiffs Assertions are Insufficient to Warrant a Class, and Even If They
   Were Sufficient, Collective Treatment Would Be Unfair and
   Unmanageable………………………………………………………………8

       1.  Plaintiffs' Minimum Wage and Overtime FLSA Claims as a Result
       of Tip Credit……………………………………………………………9

       2.  Plaintiffs' Equipment Purchase and Maintenance Claims under the
       FLSA………………………………………………………………13

**IV.    ALTERNATIVELY, PLAINTIFFS' PROPOSED NOTICES MUST BE
   AMENDED**………………………………………………………………………16

   A.  Plaintiffs' Proposed Notice Is Overly Broad and Unfairly Prejudicial…………16

   B.  Only Notice by Mail is Warranted……………………………………………...19

   C.  Plaintiffs Improperly Seek Personal Contact Information…...……………………20

**V.    THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED**………………21

**VI.    CONCLUSION** ……………………………………………………….....................22

   **CERTIFICATE OF SERVICE**.................................................................................24

# TABLE OF AUTHORITIES

**CASES**

*Adair v. Wisconsin Bell, Inc.*, 08-C-280, 2008 WL 4224360 (E.D. Wis. Sept. 11, 2008) ............................................................................................................................ 8

*Amendola v. Bristol-Myers Squibb Co.*,
    558 F. Supp. 2d 459 (S.D.N.Y. 2008) ............................................................... 21

*Anglada v. Linens 'N Things, Inc.*,
    No. 06CIV.12901(CM)(LMS), 2007 WL 1552511 (S.D.N.Y. May 29, 2007) ...... 17

*Bah v. Shoe Mania, Inc.*,
    No. 08 Civ. 9380 (LTS)(AJP), 2009 WL 1357223 (S.D.N.Y. May 13, 2009) ....... 17

*Capsolas v. Pasta Res. Inc.*,
    No. 10-CV-5595 (RLE), 2012 WL 1656920 (S.D.N.Y. May 9, 2012) ................ 18

*Chowdhury v. Duane Reade, Inc.*,
    No. 06CIV.2295(GEL), 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007) ................... 19

*Fast v. Applebee's Int'l, Inc.*,
    638 F.3d 872 (8th Cir.2011) .............................................................................. 10

*Feng v. Hampshire Times*,
    No. 14-CV-7102 SHS JLC, 2015 WL 1061973 (S.D.N.Y. Mar. 11, 2015) ........... 5

*Fippins v. KFMGLLF*,
    No. 11 Civ. 0377, 2012 BL 50557, at  (S.D.N.Y. Jan. 3, 2012) ........................ 19

*Fraticelli v. MSG Holdings, L.P.*,
    No. 13 Civ. 6518 (JMF), 2014 WL 1807105 (S.D.N.Y. May 7, 2014) ............ 4, 5

*Garcia v. Spectrum of Creations Inc.*,
    102 F. Supp. 3d 541 (S.D.N.Y. 2015) ................................................................ 19

*Gordon v. Kaleida Health*,
    No. 08-CV-378S, 2009 WL 3334784 (W.D.N.Y. Oct. 14, 2009) ................... 19, 20

*Gorey v. Manheim Servs. Corp.*,
    No. 7:10-CV-1132, 2010 WL 5866258 (S.D.N.Y. Nov. 10, 2010) ..................... 18

*Guan Ming Lin v. Benihana Nat. Corp.*,
    275 F.R.D. 165 (S.D.N.Y. 2011) ....................................................................... 18

*Guan Ming Lin v. Benihana Nat'l Corp.*,
    755 F. Supp. 2d 504 (S.D.N.Y. 2010) ............................... 2, 5, 6, 7, 9, 10, 13, 14, 15

*Guillen v. Marshalls of MA, Inc.*,
    750 F. Supp. 2d 469 (S.D.N.Y. 2010) ................................................................ 11

*Guzman v. Three Amigos SJL Inc.*,
    117 F. Supp. 3d 516 (S.D.N.Y. 2015)  ............................................................... 21

*Hamadou v. Hess Corp.*,
  915 F. Supp. 2d 651 (S.D.N.Y. 2013) ........................................................................ 18

*Hernandez v. Merrill Lynch & Co.*,
  No. 11–cv–08472, 2012 BL 90437 (S.D.N.Y. Apr. 6, 2012) ................................... 19

*Hoffmann-La Roche v. Sperling*,
  493 U.S. 165 (1989) ................................................................................................. 16

*Ide v. Neighborhood Rest. Partners, LLC*,
  32 F. Supp. 3d 1285 (N.D. Ga. 2014) .............................................................. 10, 12

*Ji Li v. Ichiro Restaurant, Inc.*,
  No. 14 Civ. 10242 (AJN)(JCF), 2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015) ....... 18

*Johnson v. Nyack Hosp.*,
  86 F.3d 8 (2d Cir.1996). ........................................................................................... 21

*Khan v. Airport Mgmt. Servs., LLC*,
  No. 10 CIV. 7735 NRB, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ................... 5

*Limarvin v. Edo Rest. Corp.*,
  No. 11 CIV. 7356 DAB, 2013 WL 371571 (S.D.N.Y. Jan. 31, 2013)...................... 17

*Mark v. Gawker Media LLC*,
  No. 13-CV-4347 AJN, 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014)................. 21, 22

*Mata v. Foodbridge LLC*,
  No. 14 Civ. 8754 ER, 2015 WL 3457293 (S.D.N.Y. June 1, 2015) ......... 1, 5, 6, 7, 8

*Mendoza v. Casa de Cambio Delgado, Inc.*,
  No. 07CV2579 (HB), 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ......................... 19

*Michael v. Bloomberg L.P.*,
  No. 14-CV-2657 (TPG), 2015 WL 1810157 (S.D.N.Y. Apr. 17, 2015)................... 19

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010).............................................................................. 1, 4, 5

*Prizmic v. Armour, Inc.*,
  No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 (E.D.N.Y. June 12, 2006) ....... 8

*Romero v. H.B. Auto. Grp., Inc.*,
  No. 11 CIV. 386 CM, 2012 WL 1514810 (S.D.N.Y. May 1, 2012)...................... 4, 5

*Rottman v. Old Second Bancorp, Inc.*,
  735 F. Supp. 2d 988 (N.D. Ill. 2010) ....................................................................... 5

*Rudd v. T.L. Cannon Corp.*,
  No. 3:10-CV-0591, 2011 WL 831446 (N.D.N.Y. Jan. 4, 2011)............................... 4

*Sanchez v. JMP Ventures, L.L.C.*,
  No. 13 CIV. 7264 KBF, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) ........... 6, 11, 12

*Sexton v. Franklin First Fin., Ltd.*,
  No. 08-CV-04950 JFB ARL, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ......... 18

*Sharma v. Burberry Ltd.*,
   52 F. Supp. 3d 443 (E.D.N.Y. 2014) ....................................................................... 20

*Wallace v. Kato*, ---U.S. ----, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007) ............................. 21

*Yahraes v. Rest. Associates Events Corp.*,
   No. 10 Civ. 935 (SLT), 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ........................................ 22

*Zerilli-Edelglass v. New York City Transit Auth.*,
   333 F.3d 74 (2d Cir.2003) ........................................................................................21

## STATUTES

29 U.S.C. § 216(b) ...................................................................................................... 4, 12

29 U.S.C. § 255 ........................................................................................................... 18

## REGULATIONS

29 C.F.R. § 531.56 ................................................................................................ ……10

29 C.F.R. § 531.35 ................................................................................................ ……13

N.Y. Comp.Codes R. & Regs. tit. 12, § 137–2.5(b)………………………………………..13

The Defendants, Sestwon Pizza, LLC and Robert Cookston, submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification, filed on July 8, 2016.

## I. PRELIMINARY STATEMENT

Plaintiffs bring this action against Sestwon Pizza, LLC, a Domino's franchisee that operates one store at 935 Front Street, Uniondale, New York, and the owner of Sestwon Pizza, LLC, Robert Cookston.  The FLSA claims, the only claims relevant to the issue of conditional certification, consist of Plaintiffs' allegations that they were improperly classified as tipped employees, and therefore were not paid the proper minimum wage, were only paid straight time instead of time-and-one-half for hours worked in excess of 40 in any workweek and were not properly reimbursed for their vehicle reimbursement expenses.   In their amended complaint, Plaintiffs identify the class as:

> All persons who are or have been employed by the Defendants as delivery persons or other similarly titled personnel with substantially similar job requirements and pay provisions, who were or are performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay requirements minimum wages, failing to pay overtime at time and a half for the hours worked above 40, failing to keep precise and accurate records of Plaintiffs' and other employees' cash tips, failing to compensate for rest/meal breaks, and failing to compensate the promised $1.25 per delivery.

(Am. Compl., ¶ 81, Exh. A).

It is well-established that in order to obtain conditional certification, Plaintiffs bear the burden of demonstrating that they, and other employees, are similarly situated "with respect to whether a FLSA violation has occurred."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010), *cert. denied*, 132 S. Ct. 368 (2011).  Plaintiffs must go beyond mere allegations and adduce actual proof: "[t]he 'modest factual showing' required for conditional certification 'cannot be satisfied simply by unsupported assertions.'"  *Mata v. Foodbridge LLC*, No. 14 Civ.

8754(ER), 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015); *see also Guan Ming Lin v. Benihana Nat'l Corp.,* 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010) (denying conditional certification and holding "the evidence must be 'sufficient to demonstrate that [current] and potential plaintiffs together were victims of a common policy or plan that violated the law.'").

Plaintiffs attempt to group all delivery personnel into one class by broad and sweeping allegations that they are "similarly situated" when they are not.  Plaintiffs have not sufficiently demonstrated that Plaintiffs and other employees are similarly situated so as to warrant collective action.  As explained more fully herein, Plaintiffs' federal claims are too individualized and fact-intensive, which would make collective treatment unfair and unmanageable.  Accordingly, Plaintiffs' motion to conditionally certify this matter as a collective action should be denied.

## II.      **PLAINTIFFS' ALLEGATIONS**

Plaintiff Isac Munoz alleges that he was employed by Defendants from in or around June 2013 until in or around June 26, 2015 as a delivery driver and claims to have worked approximately 40 hours per week.  (Am. Complaint, ¶¶ 6, 19, 40, Exh. A).  Plaintiff Rumaldo Antonio Sanchez-Vargas alleges that was employed by Defendants from in or around September 2012 until in or around June 26, 2015 as a delivery driver and claims to have worked approximately 70 hours per week from September 2012 until approximately December 31, 2014.  (Id., ¶¶ 6, 20, 42-43).  From January 1, 2015 through June 26, 2015 (the end of his employment), Plaintiff Sanchez-Vargas alleges, in addition to performing delivery driver duties, he was required to perform inside work and close six stores per week.  (Id., ¶¶ 6, 20, 42-43).  Plaintiff Juan Gonzalez alleges that he was employed as a delivery driver from August 2014 until June 26, 2015 and claims to have worked approximately 46 hours per week throughout his employment.  (Id., ¶¶ 6, 21, 46).  Plaintiff Jorge Isaac Parra Romero alleges that he was

employed as a delivery driver from in or around January 2014 until in or around January 26, 2015 and worked approximately 48 hours per week. (Id., ¶¶ 6, 22, 49). Plaintiff Emilio A. Nunez-Bernaid alleges that he was employed as a delivery driver from in or around March 2015 until June 26, 2015 and worked approximately 45 hours per week. (Id., ¶¶ 6, 23, 53). Plaintiff Keler Vargas alleges that he was employed as a delivery driver working approximately 30 hours per week from March 2012 until approximately June 26, 2015. (Id., ¶¶ 6, 24, 54).

The First Cause of Action purportedly alleges a minimum wage violation under the FLSA. In support of this cause of action, Plaintiffs allege that they were erroneously paid the tip credit hourly rate even though they are not properly "tipped employees" because (1) they performed too much non-tipped work to constitute a "tipped employee"; (2) they were never notified that a tip credit would be taken against their wages; and (3) the Defendants did not keep adequate and precise records of the cash tips received by the delivery drivers throughout their employment. (Id., ¶¶ 91-104).

The Third Cause of Action purportedly alleges an overtime violation in violation of the FLSA. In support of this claim, Plaintiffs allege that they were only paid their straight time rate, and not their overtime rate, for all hours worked in the workweeks in which they worked in excess of forty hours. (Id., ¶¶ 105-114).

The Fifth Cause of Action purportedly alleges that the Defendants violated the FLSA by requiring that the Plaintiffs utilize their vehicles and "only" compensating Plaintiffs at the rate of $1.25 or $1.00 per delivery. (Id., ¶¶ 115-119).[1]

---

[1] The remaining allegations are brought pursuant to the New York Labor Law and are not applicable to Plaintiffs' instant application.

## III.    ARGUMENT

### A.    Legal Standard for Conditional Certification

The Court may facilitate notice to other potential opt-in plaintiffs only if it determines that Plaintiffs have demonstrated they are "similarly situated" to the potential opt-in plaintiffs. 29 U.S.C. § 216(b).  In this Circuit, collective certification under § 216(b) of the FLSA proceeds in two stages—the Court considers plaintiffs' initial motion for "conditional" certification followed by, if necessary, a subsequent motion by defendants or decertification after a "fuller record" is established.  *Myers*, 624 F.3d at 555.  Conditional certification, however, is not a foregone conclusion.

At the initial conditional certification stage, Plaintiffs must show that they and putative class members "were victims of a common policy or plan that violated the law."  *Fraticelli v. MSG Holdings, L.P.*, No. 13 Civ. 6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014).  The court should "take a measured approach when addressing a request for collective action certification, mindful of the potential burdens associated with defending against an FLSA claim involving a large and broadly defined collective group of plaintiffs."  *Id.*, at *1 (citing *Rudd v. T.L. Cannon Corp.,* No. 3:10-CV-0591, 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011)).

In "appropriate cases," district courts have the *discretionary* power to grant conditional certification and authorize notices to be sent to potential opt-in plaintiffs.  *Myers*, 624 F.3d at 554; *see also Romero v. H.B. Auto. Grp., Inc.*, No. 11 CIV. 386 CM, 2012 WL 1514810, at *5 (S.D.N.Y. May 1, 2012) (conditional certification is "intended to encourage judicial economy by 'efficient resolution in one proceeding of common issues of law and fact.'").  In order to obtain conditional certification, Plaintiffs bear the burden to demonstrate that they and other employees

4

are similarly situated "with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555.

Courts have cautioned that "while plaintiff's burden at this stage is modest, it is not non-existent." *Fraticelli*, at *1 (cited with approval in *Feng v. Hampshire Times*, No. 14-CV-7102, 2015 WL 1061973 (S.D.N.Y. Mar. 11, 2015) (denying plaintiffs' motion for conditional collective action certification)); *see also Romero*, 2012 WL 1514810, at *10 (denying certification and holding that "certification is not automatic"). A district court must exercise its discretion to determine whether conditional certification is appropriate in light of the circumstances. *See Mata*, 2015 WL 3457293, at *2.

Here, as explained more fully below, Plaintiffs' factual showing is non-existent. Plaintiffs must go beyond mere allegations and adduce actual proof: "[t]he 'modest factual showing' required for conditional certification 'cannot be satisfied simply by unsupported assertions.'" *Mata*, 2015 WL 3457293, at *2; *see also Guan Ming Lin,* 755 F. Supp. 2d at 509 (denying conditional certification and holding "the evidence must be 'sufficient to demonstrate that [current] and potential plaintiffs together were victims of a common policy or plan that violated the law.'").

In evaluating the adequacy of Plaintiff's "factual showing," the court is "under no obligation . . . to accept the plaintiff's allegations as true" and may rely on the full record before it as submitted by both parties. *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010); *see also*, *e.g.*, *Khan v. Airport Mgmt. Servs., LLC*, No. 10 CIV. 7735 NRB, 2011 WL 5597371, at *3 (S.D.N.Y. Nov. 16, 2011) (stating court relies on all parties' submissions). In light of the full record before the Court, Plaintiffs have failed to demonstrate that collective treatment is warranted.

**B.** **Plaintiffs' Conclusory Allegations and Declarations Cannot Support Conditional Certification**

Plaintiffs' "factual support" does not meet the required threshold to support their request for conditional certification and notice to class members.  It is well-established that "[t]he 'modest factual showing' required for conditional certification 'cannot be satisfied simply by unsupported assertions.'"  *Mata*, 2015 WL 3457293, at \*2 (emphasis added); *see also Fraticelli*, 2014 WL 1807105, at \*3 (refusing to credit unsupported and conclusory assertions contained in affidavits); *Guan Ming Lin*, 755 F. Supp. 2d at 509 (denying conditional certification and noting that plaintiffs' declarations were "too conclusory" with respect to other potential similarly-situated persons); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV 7264 KBF, 2014 WL 465542, at \*2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification because "Plaintiff does not … provide *any* detail as to a *single* such observation or conversation").  Here, Plaintiffs' attempt to preface their statements with statements such as, "I personally witnessed" or "we discussed," does not convert their conclusory allegations and beliefs into specific facts that support the claims.

In *Mata,* the District Court for the Southern District of New York considered a motion for conditional certification filed by a "pizza counterperson" against his restaurant-employer.  *Mata,* 2015 WL 3457293, at \*1.  The "sole support" for plaintiff's conditional certification motion was his declaration in which he "describe[d] the terms of his own employment and compensation by Defendants and allege[d] that, *through observations of and conversations with other employees*, he learned that they were subject to similar violations of the FLSA and NYLL."  *Id.* at \*3 (emphasis added).  The *Mata* plaintiff's declaration "list[ed] the names and titles of seventeen coworkers . . . who he ostensibly observed doing work the same or similar to his own."  *Id.*  In denying conditional certification, the court in that case held that "although Plaintiff relies

exclusively on observations of and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he 'does not provide *any* detail as to a *single* observation or conversation' informing his decision to bring a collective action." *Id.* at *4 (emphasis added).

Similarly, in *Guan Ming Lin*g, the court considered a motion for collective certification filed by three restaurant "delivery persons" who alleged they had not been reimbursed for 'the purchase price, gas, repair, and maintenance' of the motorcycles, motorbikes, and bicycles that they use to deliver food" and was not paid overtime and the minimum wage in violation of the FLSA and NYLL. *Id.*, 755 F. Supp. 2d at 507-08. Plaintiffs also filed declarations stating that "they have *observed* 'other employees' not being reimbursed for uniform expenses or [other purchases] used for delivering food." *Id.* (emphasis added). In denying conditional certification, the court affirmed that "supporting allegations must be specific, not conclusory" and held that the statements in plaintiffs' declarations were "too conclusory to establish the requisite factual nexus with other members of the putative collective action." *Id.* at 509-10.

*Mata* and *Guan Ming Lin* present striking similarities to this case. As in those cases, Plaintiffs' declarations[2] are based exclusively on their vague "observations and conversations" with other employees. *Compare* Romero Aff., ¶¶ 22-26, 30, 33-36, 39 (stating "we would receive our paychecks at the same time, and we all talked about it" and that he "personally witnessed" the hours worked and the rates received by his coworkers); Sanchez-Vargas Aff. ¶¶ 23-27, 31, 34-37, 40 (same); Munoz Aff. ¶¶ 22-26, 30, 33-36, 39 (same); Gonzalez Aff. ¶¶ 21-25, 29, 33-35, 38 (same) (collectively Docs. 45-2 through 45-5); *with Mata*, 2015 WL 3457293, at *1 (alleging in his declaration that "through observations of and conversations with other

---

[2] Tellingly, Plaintiffs have only submitted affidavits from four of the six named Plaintiffs. (See Docs. 45-2 through 45-5).

employees, [plaintiff] learned that they were subject to similar violations of the FLSA and NYLL"). Plaintiffs here likewise fall short of the low bar rejected by the Court in *Mata*. Plaintiffs have "not provide[d] *any* detail as to a *single* observation or conversation informing [their] decision to bring a collective action." *Mata*, 2015 WL 3457293, at *4 (emphasis in original). Similarly, Plaintiffs provide no dates, times or other details of any supposed underlying violation. *Id.* ("[I]nformation regarding 'where or when these observations or conversations occurred ... is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.'" (internal citations omitted)).

Fundamentally, Plaintiffs' motion is entirely improper. Plaintiffs' assertions of observations, conversations, or allegations upon belief, serve as no more than boilerplate qualifiers to varying conclusory allegations. Plaintiffs vaguely describe their observations, conversations and beliefs without testifying as to any specific facts to support the same. Plaintiffs' "factual support" simply does not suffice, and Plaintiffs have failed to meet their burden of showing they are similarly situated to other putative class members. Given the lack of factual support presented by Plaintiffs, conditional certification should be denied. *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (finding that in absence of sufficient showing by plaintiff, conditional certification would be "'a frivolous fishing expedition conducted by plaintiff at the employer's expense.'").

**C.  Plaintiffs Assertions are Insufficient to Warrant a Class, and Even If They Were Sufficient, Collective Treatment Would Be Unfair and Unmanageable**

Where Plaintiffs haves failed to show that conditional certification is appropriate, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated. *Adair v. Wisconsin Bell, Inc.*, 08-C-280, 2008 WL

4224360, at *4 (E.D. Wis. Sept. 11, 2008).  In this case, Plaintiffs' own declarations demonstrate that collective treatment would be untenable due to the highly individualized nature of the claims at issue, which will be addressed more fully below.

1.   Plaintiffs' Minimum Wage and Overtime FLSA Claims as a Result of Tip Credit

According to Plaintiffs' affidavits, Romero earned $6.80 per hour (Romero Aff., ¶ 5), Sanchez-Vargas earned $6.80 per hour (Sanchez-Vargas Aff., ¶ 5), Munoz earned $6.80 per hour (Munoz Aff., ¶ 5), and Gonzalez earned $6.00 per hour (Gonzalez Aff., ¶ 5).  Plaintiffs further allege that all deliverymen earned "either $6.00 or $6.80 per hour" and that "to the best of [their] knowledge, none of the delivery persons employed by the Defendants received correct minimum wages."  (Romero Aff., ¶¶ 19, 42; Sanchez-Vargas Aff., ¶¶ 20, 43; Munoz Aff., ¶¶ 19, 42; Gonzalez Aff., ¶¶ 18, 41).   Furthermore, Plaintiffs allege that they and similarly situated employees worked *anywhere* from 30 to 72 hours per week, (Pls'. Mem. of Law, p. 3, n.4), and that the delivery personnel were subject to "a variety of duties" and "miscellaneous tasks."  (Am. Compl., ¶ 6, Exh. A).  Finally, Plaintiffs allege that the managers "made up a dollar amount for tips [they] received based on the amount of deliveries [they] made that day,"  (Romero Aff., ¶ 11; Sanchez-Vargas Aff., ¶ 12; Munoz Aff., ¶ 11; Gonzalez Aff., ¶¶ 10), and that they "personally witnessed managers make up an amount in tips received." (Romero Aff., ¶ 39; Sanchez-Vargas Aff., ¶ 40; Munoz Aff., ¶ 39; Gonzalez Aff., ¶ 38).  Plaintiffs do not provide any information with respect to the amount of tips they or any potential class members actually earned on any given day.  (*See generally* Plaintiffs' Affidavits, Docs. 45-2 through 45-5).

These facts are similar to those in *Guan Ming Lin*, 755 F. Supp. 2d at 510, whereby the Court denied conditional certification with respect to plaintiff's minimum wage claim, because "[a]lthough [the plaintiff made] a general allegation that [his employer] misreports the amount of

9

his tips for tax purposes, he does not specify how much money he actually earns from tips on a regular basis."   The court therefore found the allegations "too conclusory to establish the requisite factual nexus with other members of the putative collective action."  *Id*.

For the same reasons as in *Guan Ming Lin*, conditional certification should be denied here.   Each factor of a wage calculation for purposes of determining minimum wage and overtime violations—the rate of pay, the number of hours each plaintiff worked, whether the work performed would be "inside" work that would subject the plaintiffs to the tipped minimum wage, the amount of "inside" vs. "outside" work performed, and the amount of tips actually earned by each plaintiff—varies between each of the Plaintiffs. Thus, the plaintiffs are not similarly situated, and class treatment is inappropriate.

Moreover, Plaintiffs seek to lump together everyone who had "similar job requirements," (Am. Compl., ¶ 81); however, Plaintiffs have not concretely defined the job duties of the class they wish to define.  In fact, Plaintiffs have pled that they had "a variety of duties . . . including delivering pizzas and other food and/or beverage items, <u>among other miscellaneous tasks</u>."  (Id., ¶¶ 6, 61) (emphasis added). Not only have they failed to appropriately define a class, but they have not demonstrated that each member of this class was subject to the same policy or plan with respect to minimum wage and overtime.  Indeed, "a tip credit employee can spend up to 20 percent of his work time performing non-tip related duties without losing his exemption from full minimum wage compensation."  *Ide v. Neighborhood Rest. Partners, LLC*, 32 F. Supp. 3d 1285, 1293 (N.D. Ga. 2014), *aff'd*, No. 15-11820, 2016 WL 3564379 (11th Cir. July 1, 2016) (citing *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880–81 (8th Cir.2011)); *see also* 29 C.F.R. § 531.56.   "Therefore, for conditional certification of [their] proposed class, Plaintiffs must establish Defendants' tip credit employees, during the relevant time period, spent more than 20 percent of their work time performing non-tip related duties."  *Id.*  However,

here, Plaintiffs have only asserted that they, as individuals, performed more than 20% of non-delivery tasks.  (Romero Aff., ¶ 4; Sanchez-Vargas Aff., ¶ 4; Munoz Aff., ¶ 4; Gonzalez Aff., ¶ 4).  Although Plaintiffs broadly allege in conclusory fashion that "other deliverymen also performed 'inside" work approximately 40% of the time," (Romero Aff., ¶ 18; Sanchez-Vargas Aff., ¶ 19; Munoz Aff., ¶ 18; Gonzalez Aff., ¶ 17), Plaintiffs do not allege any factual allegations that would support an assertion that a class of delivery personnel were required to spend more than 20% of their working time performing non-delivery tasks, such as what the policy or plan was with respect to "inside" work, or the type of work or specific duties that other delivery persons performed as "inside" work.  *See generally* Plaintiffs' affidavits, Docs. 45-2 through 45-5.

This case is similar to FLSA misclassification cases, because Plaintiffs are claiming that the putative class members performed work outside of their general job description, i.e. non-delivery work. Under these circumstances, more than threadbare allegations are necessary in order to establish that plaintiffs and putative class members were victims of a common policy or plan that violated the law. *See, e.g.*, *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 477-79 (S.D.N.Y. 2010) (in context of misclassification case, denying plaintiff's motion for conditional certification because there was "no basis" for the Court to conclude that other employees were similarly situated to the moving plaintiff where allegations were conclusory with respect to other employees); *see also Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (denying conditional certification where allegations concerning other tipped employees were lacking in detail as to how they were similarly situated).

In light of the lack of allegations concerning the class and a policy or plan regarding the percentage of "inside" work that delivery drivers would perform, the Court must deny certification of a class of delivery drivers for Plaintiffs' FLSA minimum wage and overtime claims that relate to whether the tip credit was properly taken by Sestwon Pizza, LLC.  The Court previously denied conditional

certification in *Sanchez*, 2014 WL 465542, at *2, in which plaintiff "repeatedly stated, in substance, that these policies to which he was subjected in his seven months employed by defendants were the 'common practice' at all [defendants'] Restaurants . . . based on "observations" and "conversations" with other employees." *Id.*   Like the Plaintiffs here, Sanchez listed the first names of the employees with whom he had these conversations. *Id.*   Yet, the Court concluded that it could not grant conditional certification because the plaintiff had not "provide[d] any detail as to a single such observation or conversation," and "the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." *Id.*   Because the Court was "left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint," the Court concluded that "[t]hese are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)." *Id.*

In *Ide*, 32 F. Supp. 3d at 1294, the Northern District of Georgia was presented with another scenario in which plaintiff's evidence "d[id] not establish the length of time [d]efendants' tip credit employees actually spent doing non-tip related work."   The court reasoned: "the performance of non-tipped work does not invalidate the tip credit minimum wage exemption unless it extends beyond 20 percent of an employee's work time.   Therefore, the fact that . . . tip credit employees . . . performed non-tipped duties for an undefined amount of time does not properly establish their entitlement to minimum wage compensation." *Id.*   The Court held:

> Plaintiff does not present sufficient evidence to establish that all of [d]efendants' tip credit employees spent more than 20 percent of their work time performing non-tip related duties. Therefore, individual inquiries would be necessary to determine which, if any, of [d]efendants' tip credit employees are entitled to minimum wage compensation for the relevant time period.   As such individual inquiries will be necessary, certifying this case as a collective action would not aide in the resolution of common issues of law or fact.

*Id.*

The instant case presents the same scenario as *Sanchez* and *Ide*—Plaintiffs have not provided any factual assertions or evidence with respect to minimum wage and overtime claims as to the class. Therefore, a determination as to whether each were paid minimum wage or are owed overtime, and whether the tip credit could be taken in any particular week by the Defendants, will be an individualized inquiry making collective treatment unfair and unmanageable.

        2.      <u>Plaintiffs' Equipment Purchase and Maintenance Claims under the FLSA</u>

"[E]mployers can require employees to bear the costs of acquiring and maintaining tools of the trade so long as those costs, when deducted from the employees' weekly wages, do not reduce their wage to below the required minimum. *Guan Ming Lin*, 755 F. Supp. 2d at 511–12 (S.D.N.Y. 2010) (citing 29 C.F.R. § 531.35; N.Y. Comp.Codes R. & Regs. tit. 12, § 137–2.5(b)). However, here, Plaintiffs again fail to sufficiently demonstrate that they and the putative class members are similarly situated with respect to their claim for equipment purchase and maintenance because they fail to allege anything beyond conclusory allegations. Their assertions do not demonstrate that there was a policy or plan on the part of the Defendants that would support their allegations that the unpaid reimbursements brought their wages below the minimum wage.

With respect to the scope of Plaintiffs' allegations concerning equipment purchase and maintenance, Plaintiffs conceded in their discovery responses that they are unable to calculate the amount of damages that they are owed for these claims. (Pls.' Responses to Defendants' First Set of Interrogatories, ¶ 5, Exhs. B, C, D, E, F, and G). Plaintiffs also further have failed to state any detail with respect to any claim for reimbursement on behalf of the class. Plaintiffs simply state the following conclusory allegations:

- "The only reimbursement we would receive would be either $1.25 or $1.00 per delivery." (Romero Aff., ¶ 28; Sanchez-Vargas Aff., ¶ 29; Munoz Aff., ¶ 28; Gonzalez Aff., ¶ 27).

- We would also discuss how the Defendants made us pay for our own cars, uniforms[3] and other items.  We were also required to pay for repairs to any of these items, and we were never reimbursed for it aside from the $1.25 or $1.00 amounts."  (Romero Aff., ¶ 30; Sanchez-Vargas Aff., ¶ 31; Munoz Aff., ¶ 30; Gonzalez Aff., ¶¶ 29).

Moreover, the number of deliveries that each Plaintiff made per day varies widely:

- Romero made 25-30 deliveries per day.  (Romero Aff., ¶ 13).

- Sanchez-Vargas made 25-30 deliveries per day.  (Sanchez-Vargas Aff., ¶ 14).

- Munoz made 15-20 deliveries per day.  (Munoz Aff., ¶ 13).

- Gonzalez made 25-30 deliveries per day.  (Gonzalez Aff., ¶ 12).

- It is unknown how many deliveries Plaintiffs Keler Vargas and Nunez-Bernaid made since they did not submit affidavits.

The analysis as to Plaintiffs' equipment purchase and maintenance claim is again similar to the claim in *Guan Ming Lin.  See Guan Ming Lin*, 755 F. Supp. 2d at 512 (denying conditional certification for equipment purchase and maintenance claim because plaintiffs "do not state the amount of money they expend on purchasing and maintaining their vehicles, nor do they state whether these costs infringe on their wages so as to reduce them below the minimum threshold.").  In *Guan Ming Lin*, "plaintiffs stated that they observed 'other employees [who] did work that was the same or similar to the work I did' not being reimbursed." *Id.*  The Court concluded:

---

[3] This is the first time that plaintiffs have alleged that they were not paid for uniforms.  Plaintiffs did not make a claim for reimbursements related to uniforms in their Complaint; therefore, we view the insertion of "uniforms" to be in error. *See generally* Am. Compl.

> Plaintiffs have again failed to present their allegations with sufficient specificity to satisfy even the modest requirements of the collective action standard . . . [because] they do not state the amount of money they expend on purchasing and maintaining their vehicles, nor do they state whether these costs infringe on their wages so as to reduce them below the minimum threshold.  The plaintiffs also provide no details regarding the "other employees" they have observed beyond the conclusory statements contained in their own declarations—the names, wage rates, and tools of the trade expenditures of these employees are unknown, and the plaintiffs have failed to submit declarations from any non-plaintiffs stating the amount of their expenses or the impact of those expenses on their wages.  Moreover, it is highly unlikely that such expenses would be uniform throughout the proposed plaintiff class; the plaintiffs themselves admit that they drove different types of vehicles that would almost certainly have required very different levels of maintenance. As a result of these inconsistencies, it would be inappropriate to speculate as to the expenses and resulting wage calculations of other employees of [the defendants].  The plaintiffs have thus failed to demonstrate that they are similarly situated to other employees of [the defendants] with respect to their tools of the trade claim and collective action certification on that claim should be denied.

*Guan Ming Lin*, 755 F. Supp. 2d at 512–13.

Here, the Plaintiffs' assertions in their affidavits are too conclusory, and, because the equipment purchase and maintenance is related to vehicle expenses, (Am. Compl., ¶¶ 117-118, Exh. A), a determination on this claim will be particularly individualized.  Plaintiffs concede they were provided between $1.00 and $1.25 per delivery. (Id., ¶ 118).  Therefore, in order to determine the sufficiency of the $1.00/$1.25 reimbursement for Plaintiffs' equipment purchase and maintenance, and whether it brought plaintiffs below minimum wage, a host of individualized variables must be evaluated, including the type of each employee's car, the age of the car, the miles per gallon of gasoline that each car could travel, the mileage driven by each employee, the number of deliveries each delivery person performed, and the cost of maintaining their vehicles and any repairs. As such, Plaintiffs' claim for equipment purchase and maintenance is an extremely individualized inquiry and is inappropriate for a collective action.

# IV.   ALTERNATIVELY,   PLAINTIFFS'   PROPOSED   NOTICES   MUST   BE AMENDED

## A.   Plaintiffs' Proposed Notice Is Overly Broad and Unfairly Prejudicial

For reasons set forth in detail above, Plaintiffs' motion for conditional certification should be denied.  However, even if the Court were to grant Plaintiffs' motion, the Court should not order the dissemination of Plaintiffs' proposed notices in the forms proposed by Plaintiffs. (Pls.' Exh. A, Doc. 45-1).  Plaintiffs' proposed notice[4] suffers numerous deficiencies.  "Both the parties and court benefit from settling disputes about the content of the notice before it is distributed.  This procedure may avoid the need to cancel consents obtained in an improper manner."  *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989).  Plaintiffs' lengthy seven-page proposed notice and consent to sue requires revision for several reasons, including that the proposed notice is overly broad and unfairly prejudicial to Defendants, provides for a 90-day opt-in period, inappropriately seeks the personal contact information of putative class members and, without any asserted basis, requests notice to putative class members to be sent not only by mail, but posted in the workplace.

First, Plaintiffs' proposed notice is overly broad and unfairly prejudicial because it provides inaccurate information which will improperly influence the decision of putative class members to join this litigation.  The proposed notice inaccurately states that there is a lawsuit against "Domino's Pizza."  Domino's Pizza, however, is a distinct legal entity that is not a defendant in this case.  Moreover, the notice states that Plaintiffs have sued for "unlawfully deducting business expenses," however, on May 19, 2016, the Court dismissed the Sixth Cause

---

[4] Defendant' arguments herein are premised upon the proposed notice submitted by Plaintiffs in English.  The Plaintiffs also submitted a proposed notice in Spanish, and the Defendants assume, without hiring a translator, that the proposed notice provided in Spanish states the same information as the proposed notice provided in English. Therefore, Defendants assert the same objections to both proposed notices.

of Action as it pertains to vehicle expenses.[5]   Therefore, the notice does not accurately describe the lawsuit.

Additionally, even if the Court conditionally certifies a class (which it should not), the notice too broadly describes the purported class because it includes "other similarly titled personnel with substantially similar job requirements and pay provisions." (Am. Compl., ¶ 81, Exh. A).  The class, if conditionally certified, must be more strictly defined.  *Limarvin v. Edo Rest. Corp.*, No. 11 CIV. 7356 DAB, 2013 WL 371571, at *3 (S.D.N.Y. Jan. 31, 2013) (finding that the language in the class definition which stated, "and other persons in similar positions," may create confusion and is inaccurate and ordering that it be removed from the class definition). Accordingly, should a class be certified, the class definition should be limited to include only delivery drivers employed at Sestwon Pizza, LLC within the three years prior to the date this action was filed.

Moreover, the proposed notice is unfairly prejudicial because it makes no mention of the fact that putative class members may be required to pay litigation costs.  *See Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380 (LTS)(AJP), 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to . . . pay litigation costs.").  Omitting this information is improper because it unfairly encourages putative class members to join the lawsuit by portraying their involvement misleadingly.

Second, the three-year class period should run from the date on which a court conditionally certifies a collective action, not the date on which the complaint was filed.  *See Anglada v. Linens 'N Things, Inc.,* No. 06CIV.12901(CM)(LMS), 2007 WL 1552511, at *9

---

[5] The Court did not dismiss the Sixth Count as it pertains to other business losses, which Plaintiffs have described elsewhere in the proposed notice.  Therefore, the statement that there is a claim for deducting business expenses

(S.D.N.Y. May 29, 2007) (limiting class period to three years preceding the date of issuance of court-approved notice). By proposing that the class period should run from the filing date of the original Complaint, Plaintiffs' proposed notice improperly adds additional time to the relevant class period. This overly expansive class period is directly contrary to established law and should be rejected. 29 U.S.C. § 255; *Hamadou v. Hess Corp.,* 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013).

Finally, Plaintiffs request a 90-day opt-in period from the date of the mailing of the proposed notice. A 90-day opt-in period is excessive and overly broad. Courts in this Circuit have routinely found 30 days sufficient. *See, e.g., Capsolas v. Pasta Res. Inc.*, No. 10-CV-5595 (RLE), 2012 WL 1656920, at *3 (S.D.N.Y. May 9, 2012) ("Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it."); *Gorey v. Manheim Servs. Corp.*, No. 7:10-CV-1132, 2010 WL 5866258, at *6 (S.D.N.Y. Nov. 10, 2010) ("The deadline for potential plaintiffs to opt in to this collective action will be 30 days after the Court approves Plaintiff's notice and consent forms"). Plaintiffs have set forth no justification for a longer period of time. As such, the request should be denied and the period of time limited to 30 days. *Ji Li v. Ichiro Restaurant, Inc.*, 2015 WL 6828056, at *7.

Given the significant deficiencies in the proposed notices, Defendants respectfully request the parties be given an opportunity to confer and submit a joint proposed notice or, should the parties fail to reach an agreement, to submit separate proposed notices for the Court's review. *See Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165, at 178 (S.D.N.Y. 2011) (directing parties to confer regarding revised notice after defendant objected to plaintiff's notice as overbroad); *Sexton v. Franklin First Fin., Ltd.,* No. 08-CV-04950 JFB ARL, 2009 WL

---

from wages must be revised.

1706535, at *13 (E.D.N.Y. June 16, 2009) ("the parties shall submit a joint proposed notice to the Court for approval in order to ensure that the drafting and distribution of the notice is timely, accurate and informative") (citations omitted) (internal quotation marks omitted); *Mendoza v. Casa de Cambio Delgado, Inc.,* No. 07CV2579 (HB), 2008 WL 938584, at *4 (S.D.N.Y. Apr. 7, 2008) ("notice should be jointly prepared"); *Chowdhury v. Duane Reade, Inc.,* No. 06CIV.2295(GEL), 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007) ("the Court expects the parties to work out those issues on their own, and provide the Court with the stipulated notice").

## B.   <u>Only Notice by Mail is Warranted.</u>

Plaintiffs' request that notice be posted in the workplace.  However, at this very early stage, Plaintiffs have not made any showing that delivery of the notice by mail would be insufficient so as to warrant posting of the notice in the workplace, such as by establishing that a large volume of notices were returned as deliverable.  *See Garcia,* 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015); *see also Michael v. Bloomberg L.P.*, No. 14-CV-2657 (TPG), 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) (posting of notice in workplace is not appropriate "absent a showing that a significant number of notices were returned as undeliverable") (citing *Hernandez v. Merrill Lynch & Co.,* No. 11–cv–08472, 2012 BL 90437, at *7–8 (S.D.N.Y. Apr. 6, 2012) and *Fippins v. KFMGLLF,* No. 11 Civ. 0377, 2012 BL 50557, at *15 (S.D.N.Y. Jan. 3, 2012)).  Additionally, courts in this District have recognized that posting of notice in the workplace is "not always an effective or even appropriate way to reach similarly situated employees and that such a posting may have negative effects on the workplace environment." *See Garcia*, 102 F. Supp. 3d at 551; *see also Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784, at *11-12 (W.D.N.Y. Oct. 14, 2009) (finding that notice by mail was sufficient and rejecting notice by workplace posting stating, "the only group that will be reached by posting

19

are current employees, who have an interest in providing their employer with an up-to-date mailing address").  Thus, Plaintiffs' request for the posting of a workplace notice should be denied.

### C.   Plaintiffs Improperly Seek Personal Contact Information

Plaintiffs' motion seeks an order for the Defendants to provide a list "in electronically readable form" of information pertaining to all class members: "the names, addresses, e-mail addresses, any employee number or unique identifier, telephone numbers, and the last four digits of the social security numbers of all class members."  (Pls.' Mem. of Law, p. 16).  Requests for personal contact information, including, but not limited to, requests for e-mail addresses, telephone numbers and the last four digits of social security numbers are overly intrusive and invite improper solicitation of putative class members from Plaintiffs' counsel.

Courts within this Circuit have held that "first class mailing has been utilized because it provides a *controlled method* by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members."  *Sharma*, 52 F. Supp. 3d at 463 (emphasis added).  By contrast, solicitations by e-mail and phone are not within the Court's control (or that of Defendants' counsel) and could create risks of distortion or misleading information. *E.g., id.* (denying e-mail notification because it "could create risks of distortion or misleading notification through modification of the notice itself or the addition of commentary").  Because mail is the most appropriate notice method, Plaintiffs are not entitled to putative class members' e-mail addresses and telephone numbers.  Moreover, "in the interest of privacy, [defendant] need not produce phone numbers, social security numbers, dates of birth, and e-mail addresses. *Gordon,* 2009 WL 3334784, at *9.  In light of this Circuit's precedent, this

Court should deny Plaintiffs' request to compel the production of the e-mail addresses, telephone numbers and last four digits of social security numbers of the proposed class members.

## V.  THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED

Finally, Plaintiffs seek equitable tolling of the statute of limitations.  (Pls.' Mem., p. 15).

> "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996).  It is, however, "*a rare remedy to be applied in unusual circumstances*, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, ---U.S. ----, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007); *see Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003) ("[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."  (citation omitted)).

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 479 (S.D.N.Y. 2008) (emphasis added).  Plaintiffs argue that "neither the class representatives nor class counsel have sat on their rights and the putative class members should not be penalized by the courts' heavy dockets and understandable delay in rulings," but they have not demonstrated any exceptional circumstances that warrant equitable tolling.  Here, the Court set a briefing schedule in which the issues were briefed without delay.  Doc. 40.  Plaintiffs' motion was filed on July 8, 2016, and the issue will be fully briefed by August 22, 2016.  *Id.*  Oral argument is scheduled for September 27, 2016.  *Id.*  This is not the type of delay that warrants equitable tolling.  *Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 528 (S.D.N.Y. 2015) ("To the extent that case law has suggests that the time to adjudicate a motion for conditional approval by itself provides the basis for meeting either of the prongs of the equitable tolling analysis, we note that the delay between the filing of plaintiffs' motion and its adjudication today—about three-and-a-half months—is not of a magnitude that would justify tolling."); *Mark v. Gawker Media LLC*, No. 13-CV-4347 AJN, 2014 WL 5557489, at *2–3 (S.D.N.Y. Nov. 3, 2014) (eleven month delay in resolving plaintiffs'

conditional approval motion not "extraordinary" and thus did not justify equitable tolling from the date the motion was filed).

Furthermore, plaintiffs "ha[ve] not shown the existence of extraordinary circumstances to justify this remedy." *Id.*  This is not the case in which there have been substantial efforts on the part of Defendants to delay Plaintiffs' certification motion. *Compare Yahraes v. Rest. Associates Events Corp.*, No. 10-CV-935 SLT, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (finding that "defendants' actions—re-briefing the certification motion, seeking to defer certification in anticipation of dispositive motions, and failing to produce documents in connection with the NYSDOL investigation . . . have frustrated plaintiffs' diligent attempts to ensure that claims did not expire"). Therefore, Plaintiffs' request for equitable tolling of the statute of limitations must be denied.

**VII.   <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs' motion to conditionally certify this matter as a collective action should be denied.

Dated:   Hartford, Connecticut
August 8, 2016

22

Respectfully submitted,

FORD & HARRISON LLP

Attorneys for Sestwon Pizza, LLC
d/b/a Domino's Pizza, and
Robert Cookston

750 Main Street
Suite 606
Hartford, CT  06103
860-748-4660

100 Park Avenue
Suite 2500
New York, NY  10017
212-453-5935

By: /s/ Robin B. Kallor
Robin B. Kallor (Rk-6719)
Eric Su (Es-0626)
Cindy M. Cieslak (Cc-0234)
Alyssa Smilowitz (As-0822)

## <u>CERTIFICATION OF SERVICE</u>

This is to certify that on this 8th day of August, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Attorney Roman Avshalumov

Helen F. Dalton & Associates, P.C.

69-12 Austin Street

Forest Hills, NY 11375

          /s/ Robin B. Kallor

         Robin B. Kallor

WSACTIVELLP:8661533.1